UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GERALD HARRISON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-cv-01457-AGF |
| | ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

In this action initially filed in state court, Plaintiff Gerald Harrison seeks to recover from Defendant damages related to a policy of underinsured motor vehicle coverage arising out of a July 10, 2013 motor vehicle collision. Defendant removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff thereafter filed an unopposed motion to remand and a "Stipulation to the Amount of Damages Sought," in which he stipulates that the claim as set forth in his petition does not involve an amount in controversy in excess of $75,000. (Doc. No. 12-1.)

"Allowing a plaintiff to unequivocally establish his . . . damages as no greater than $75,000 through use of an affidavit (or other binding declaration) is entirely consistent with the congressional purpose underlying the amount-in-controversy requirement, that is, to keep the diversity caseload of the federal courts under some modicum of control."

*Walsh v. J.B. Hunt Transp., Inc.*, 20 F. Supp. 2d 1300, 1301 (E.D. Mo. 1998) (citation omitted). In this case, the proffered stipulation indicates that the value of the claim at the time of removal did not exceed the jurisdictional minimum, such that the amount in controversy on the face of the complaint is ambiguous at best. *See Halsne v. Liberty Mut. Grp.*, 40 F. Supp. 2d 1087, 1092 (N.D. Iowa 1999). "In these circumstances, the stipulation serves to clarify rather than amend the pleadings," and the Court may find on the basis of the stipulation that jurisdiction never attached. *Id.*

Upon review of the record, and based upon Plaintiff's stipulation, the Court finds that the amount in controversy does not exceed $75,000, and as a result, jurisdiction was lacking at the time of removal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's unopposed motion to remand is **GRANTED**. (Doc. No. 12.)

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, in which it was filed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2016.